UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMY L. ROSIER,

                Plaintiff,

v.                                          **DECISION AND ORDER**
                                                       08-CV-434S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

       1. Plaintiff Amy L. Rosier challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since March 1, 2004, due to musculoskeletal pain and depression. Plaintiff contends that her impairments render her unable to work. She therefore asserts that she is entitled to disability benefits under the Act.

       2. Plaintiff filed an application for Disability Insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI") on February 22, 2005. Her application was denied initially, after which she requested a hearing before an ALJ. That hearing took place on October 15, 2007. The ALJ considered Plaintiff's case *de novo*, and on November 23, 2007, issued a decision denying Plaintiff's application for benefits. On April 16, 2008, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action challenging Defendant's final decision on June 12, 2008.[1]

---

[1] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals Council denied Plaintiff's request for review.

1

3. The parties subsequently filed Motions for Judgment on the Pleadings.[2] After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on February 4, 2009. For the following reasons, Plaintiff's motion is granted and Defendant's motion is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support

---

[2] Plaintiff filed her motion on November 19, 2008, while Defendant filed his motion on December 29, 2008.

2

the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there

is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since March 1, 2004 (R. at 25); (2) Plaintiff's musculoskeletal pain and depression are "severe" impairments within the meaning of the Act (R. at 25); (3) Plaintiff's impairments do not meet or medically equal an impairment listed in Appendix 1, Subpart P, Regulations No. 404 (R. at 25-26); (4) Plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work activity with certain restrictions[3] (R. at 26); and (5) although

---

[3] In particular, the ALJ found that Plaintiff could not stand for more than 2 hours; she could only occasionally reach, she could continuously handle, finger and feel; she is unable to balance, kneel, crouch or crawl; she must avoid exposure to unprotected heights, dust, odors, fumes, pulmonary irritants, extreme cold, extreme heat, and vibrations; and she is able to interact with co-workers and the general public frequently, but not constantly. (R. 26.)

4

Plaintiff is unable to perform any of her past relevant work, she is able to perform a full range of light work based upon her age, education, work experience, and RFC, including the duties of a customer service clerk or a telemarketer. (R. at 29-30[4]). The ALJ therefore concluded that Plaintiff was not disabled.

10.     Plaintiff advances a number of challenges to the ALJ's decision, one of which is persuasive. Specifically, Plaintiff argues that the ALJ failed to consider and discuss her good employment history as part of the credibility determination. (Pl.'s Mem., pp. 7-15.) In assessing Plaintiff's residual functional capacity, the ALJ held that Plaintiff's statements regarding her condition were "not entirely credible." (R. at 27.)

"A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983) (citing Singletary v. Sec'y of Health, Educ. and Welfare, 623 F.2d 217, 219 (2d Cir. 1980)); see also Maggio v. Heckler, 588 F. Supp. 1243, 1246 (W.D.N.Y. 1984); Patterson v. Chater, 978 F. Supp. 514, 519 (S.D.N.Y. 1997); Nelson v. Barnhart, No. 01-Civ-3671, 2003 WL 1872711, at *7 (S.D.N.Y. April 10, 2003). This is because a claimant with an established history of employment is unlikely to be "feigning disability." Patterson, 978 F. Supp. at 519. As the courts in this Circuit have recognized, the failure to consider a claimant's work history in an evaluation of his or her credibility is "'contrary' to the law in this circuit and the SSA's rulings." Pena v. Barnhart, No. 01 Civ. 502, 2002 WL 31487903, at *13 (S.D.N.Y. Oct. 29, 2002) (quoting Montes-Ruiz v. Charter, 129 F.3d

---

[4] As a customer service clerk, the ALJ found that there were 1,050 jobs in the regional economy and 500,000 jobs in the national economy. (R. at 30.) And as a telemarketer, the ALJ found that there were 1,316 jobs in the regional economy and 415,000 jobs in the national economy. (Id.)

114 (Table) (2d Cir. 1997)).

Here, it appears undisputed that Plaintiff has a lengthy and good work history. She has consistently been employed since 1975, or since she was 17-years old. (R. at 51.) In light of the fact that Plaintiff was only 45-years old at the time she stopped working, a 28-year work history is lengthy. Additionally, for the 15-years prior to the date on which she allegedly became disabled, Plaintiff worked full time for all but four months. (R. at 68-77.)

Based on this work history, the ALJ was required to afford "substantial credibility" to Plaintiff's claim that she is unable to work because of her disability or specifically state in her decision why Plaintiff was not credible despite her work history. Rivera, 717 F.2d at 725. But the ALJ neither discussed Plaintiff's work history, nor indicated what weight, if any, he afforded it. The credibility finding therefore does not comply with the governing case law and cannot be sustained.

11. After carefully examining the administrative record, this Court finds cause to remand this case to the Commissioner for further proceedings consistent with this decision. Plaintiff's Motion for Judgment on the Pleadings is therefore granted. Defendant's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 7) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security

for further proceedings consistent with this decision.

       FURTHER, that the Clerk of the Court shall close this case.

       SO ORDERED.

Dated:  September 8, 2009
        Buffalo, New York

                                      /s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                    United States District Judge